UNITED STATES COURT OF APPEALS
**Filed 5/2/96**
TENTH CIRCUIT

_____

| | |
|---|---|
| BETTY K. JANIS; TRISTA VEE JANIS; GUST MARION JANIS;  JASON GUST JANIS; and GEORGE MARION JANIS, | Nos. 95-4107<br>95-4108<br>95-4109<br>95-4115 |
| Plaintiffs - Appellants, | 95-4132 |
| v. | (D.C. No. 94-CV-48) |
| ED STORY AND ASSOCIATES; CLYDE COYE; MCCORMICK AUCTION CO; KEN MCCORMICK; HAROLD S. TAXEL; GRETA GLAVIS; JAMES P. HILL; ASSOCIATES COMMERCIAL CORPORATION, a California corporation; MARK SEYMOUR; ROBERT CAMPENALLA; HOLLAND EQUIPMENT COMPANY, INC., a Utah corporation; JOSEPH KINNEY; LONNIE J. OLSEN; HAROLD "BUD" LOCKE; JERRERY WILLIAM DICK; and GORDAN JENSEN, | (D. Utah) |
| Defendants - Appellees. | |

_____

ORDER AND JUDGMENT[*]

_____

Before SEYMOUR, Chief Judge, McKAY and LUCERO, Circuit Judges.

_____

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

_____

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs, all members of the Janis family, appeal the district court's dismissal of their cause of action as frivolous under 28 U.S.C. § 1915(d).[1] Plaintiffs alleged that Defendants improperly seized property belonging to the Janis family. Proceeding in forma pauperis, Plaintiffs requested the court to effect service of process for them. The magistrate judge to whom the case was assigned took no action for approximately one year. Then, rather than effecting service of process, the magistrate judge recommended dismissing the action because complete diversity among the parties did not exist. The district court, adopting the magistrate judge's report and recommendation, held that the complaint was frivolous under § 1915(d) because it failed to properly set forth grounds for diversity jurisdiction. The court also held that it was unnecessary to allow Plaintiffs to

_____

[1]Although there was initially some question whether Case Nos. 95-4109, 95-4115, and 95-4132 were appealed in a timely fashion, we have reviewed the record and have determined that each of these cases is properly before us.

2

amend their complaint, because any amendment would be futile. On appeal, Plaintiffs argue that they should be allowed to amend their complaint. They also argue that the time limitation for effecting service of process under Fed. R. Civ. P. 4(m) should be extended.

Fed. R. Civ. P. 15(a) provides that leave to amend a complaint should be given freely when justice requires. Although leave need not be given when it would be futile to do so, we do not believe that this is such a case. The district court dismissed the complaint because of lack of diversity jurisdiction. Plaintiffs can cure this defect by deleting any non-diverse parties from its complaint. Additionally, we point out that the magistrate judge waited a full year before making his report and recommendation. This delay might create a statute of limitations problem if Plaintiffs were forced to refile their complaint after the district court's dismissal in this case. Such a result, created by the magistrate judge's delay, would be inequitable. Thus, we hold that Plaintiffs should be given an opportunity to amend their complaint.

We point out to Plaintiffs, however, that they should amend their complaint carefully. Repeated failure to cure deficiencies by amendment is itself grounds for denying leave to amend. Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1585 (10th Cir. 1993). The proposed amended complaint which Plaintiffs presented to this court in their appellate briefs (but apparently not filed with or presented to the trial court)

3

is also deficient on diversity grounds. Plaintiffs would do well to reexamine it before filing their amended complaint.

Given our resolution of the case, we need not consider Plaintiffs' request for an extension of time to effect service of process under Fed. R. Civ. P. 4(m). The district court should reconsider, however, Plaintiffs' request for service of process. This consideration should be given in a timely fashion in order to avoid any Rule 4(m) time limitation problems.

REVERSED and REMANDED.

Entered for the Court

Monroe G. McKay
Circuit Judge

4